Thomas F. Bertrand, State Bar. No. 056560
Richard W. Osman, State Bar No. 167993
BERTRAND, FOX & ELLIOT
The Waterfront Building
2749 Hyde Street
San Francisco, California 94109
Telephone: (415) 353-0999
Facsimile:  (415) 353-0990
Email: rosman@bfesf.com

Attorneys for Defendant
DEPUTY CHRISTOPHER HAAS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRIN BRAVO,<br><br>    Plaintiff,<br><br>v.<br><br>DEPUTY CHRISTOPHER HAAS,<br><br>    Defendant. | Case No. CV 14-3258 LB<br><br>**DEFENDANT DEPUTY CHRISTOPHER HAAS' ANSWER TO COMPLAINT** |

Defendant DEPUTY CHRISTOPHER HAAS hereby demands a jury trial in the above-captioned matter and answers plaintiff's complaint filed on July 18, 2014 as follows:

**ANSWER TO ALLEGATIONS ENTITLED "INTRODUCTION"**

1.    Answering paragraph 1, this answering defendant admits the complaint alleges violations of constitutional rights, that the incident giving rise to this case occurred on July 22, 2012 and that the complaint seeks remedies pursuant to Title 42, United States Code, section 1983.  Defendant, however, denies that he violated plaintiff's constitutional rights.

2.    Answering paragraph 2, this answering defendant denies each and every allegation contained within this paragraph.

**ANSWER TO ALLEGATIONS ENTITLED "PARTIES"**

3. Answering paragraph 3, this answering defendant is without sufficient knowledge or information to form a belief as to the allegation contained within this paragraph, and on that basis denies this allegation.

4. Answering paragraph 4, this answering defendant admits that at all times relevant to this litigation, DEPUTY HAAS acted under the color of the laws, statutes, ordinances, and regulations of the State of California. This answering defendant denies all of the remaining allegations contained within this paragraph.

**ANSWER TO ALLEGATIONS ENTITLED "JURISDICTION AND VENUE"**

5. Answering paragraphs 5 and 6, this answering defendant does not dispute jurisdiction, and further admits that the events and/or omissions complained of in the Complaint occurred in Sonoma County, California. This answering defendant denies that any actions or omissions alleged within the complaint "give rise to defendants' liability."

**ANSWER TO ALLEGATIONS ENTITLED "FACTS GIVING RISE TO THIS COMPLAINT"**

6. Answering paragraph 7, this answering defendant incorporates by reference each and every response to paragraphs 1 through 6 of the complaint, inclusive.

7. Answering paragraph 8, this answering defendant is without sufficient knowledge or information to form a belief as to the allegations contained within this paragraph, and on that basis denies each and every allegation contained within this paragraph.

8. Answering paragraph 9, this answering defendant admits that Mr. Bravo approached responding sheriff deputies DEPUTY CHRISTOPHER HAAS and Deputy Joe Dulworth. This answering defendant is without sufficient knowledge or information to form a belief as to the remaining allegations contained within this paragraph, and on that basis denies each and every of the remaining allegations contained within this paragraph.

9. Answering paragraph 10, this answering defendant admits Mr. Bravo approached the deputies, that Deputies HAAS and Dulworth drew their firearms and pointed them at Mr. Bravo, that DEPUTY CHRISTOPHER HAAS ordered Mr. Bravo to put his hands up and to get on his knees and that Mr. Bravo complied by putting his hands up and getting onto his knees. This answering defendant

denies the remaining allegations contained within this paragraph.

10. Answering paragraph 11, this answering defendant admits he ordered plaintiff to place his hands behind his back. This answering defendant denies each and every of the remaining allegations in this paragraph.

11. Answering paragraph 12, this answering defendant is without sufficient knowledge or information to form a belief as to the allegations contained within this paragraph related to Mr. Bravo's alleged pain, emotional distress and anxiety, and on that basis denies each and every of these allegations contained within this paragraph. This answering defendant denies the remaining allegations contained within this paragraph.

### ANSWER TO ALLEGATIONS ENTITLED "CLAIM FOR RELIEF – Unreasonable Seizure 42 U.S.C. § 1983"

12. Answering paragraph 13, this answering defendant incorporates by reference each and every response to paragraphs 1 through 11 of the complaint, inclusive.

13. Answering paragraphs 14 through 16, this answering defendant denies each and every allegation contained within these paragraphs.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state facts sufficient to constitute a cause of action against this defendant.

### SECOND AFFIRMATIVE DEFENSE

The damages allegedly sustained by plaintiff were caused or contributed to by the intentional or negligent acts and/or omissions of persons or entities other than defendant, including plaintiff himself. In the event that any fault of defendant is found to have contributed to any such damages, plaintiff's recovery, if any, from defendant is limited to that percentage of plaintiff's damages equal to the percentage by which defendant's fault contributed to said damages.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff voluntarily consented to and participated in the acts complained of, and/or failed to mitigate his damages, and said failure proximately contributed to the events and damages alleged in the complaint.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of laches, waiver, issue preclusion, collateral estoppel, res judicata, and by all applicable federal and state statutes of limitation, including all claim filing requirements of the California Tort Claims Act.

### FIFTH AFFIRMATIVE DEFENSE

Defendant is immune from liability pursuant to California Government Code Section 815.6, as all acts and/or omissions complained of by plaintiff were reasonable and/or exercised with reasonable diligence within the meaning of said statute.

### SIXTH AFFIRMATIVE DEFENSE

Defendant at all times referred to in plaintiff's complaint acted in complete good faith and reasonably within the meaning of all federal and state statutes, doctrines and judicial authorities.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant is immune from liability pursuant to California Government Code Section 820.2, as all acts and/or omissions complained of by plaintiff were discretionary acts within the meaning of said statute.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff voluntarily assumed the risk of injuries and damages arising out of the subject incident, and said assumption of risk acts as a complete bar to any recovery in this matter.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and damages are barred to the extent that they exceed the scope of his public entity claim(s).

### TENTH AFFIRMATIVE DEFENSE

Defendant is immune from liability pursuant to California Penal Code Sections 833, 833.5, 834a, 835, 835a, 836, 836.5 and 840 for any police conduct/action relating to the incident complained of by plaintiff.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant is immune from liability pursuant to California Government Code Sections 820.4 and

820.6, as he exercised due care in the execution and enforcement of the law relative to plaintiff and is immune for invalid or inapplicable enactments.

### TWELFTH AFFIRMATIVE DEFENSE

To the extent plaintiff attempts to sue the public entity who employed responding defendant, it is immune from liability pursuant to California Government Code Sections 815 and 815.2 for the acts of its employees who are immune from liability.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from recovering punitive damages against any potential defendant public entity pursuant to California Government Code Section 818 and all other applicable federal and state statutes and judicial authorities relating to such damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant is immune from liability pursuant to the provisions of California Government Code Sections 818.8 and 822.2 for any alleged misrepresentations made to any persons.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's complaint is barred by the doctrine of unclean hands and the after-acquired evidence doctrine.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant is immune from liability under California Penal Code Section 847 since, at the time of the subject incident, defendant had reasonable cause to believe that any attempted arrest/detention was lawful.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant is immune from liability under California Government Code Sections 850, 850.2, 850.4, and 850.8 for injury caused by transport or failure to transport to a medical facility.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that decedent posed a direct threat to the health and safety of others and/or himself.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendant is immune from liability under California Government Code Sections 818.2 and 821

for failing to adopt an enactment or enforce any law.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendant is immune from liability under California Government Code Section 845 for the alleged failure to provide police protection or to provide sufficient police protection.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

To the extent plaintiff sues the public entity that employs this answering defendant, then, in the event it is found to be liable, which is expressly denied herein, said defendant may elect to have damages, if any, in excess of the amount specified in California Government Code Sections 984 *et seq.*, and California Code of Civil Procedure Section 667.7 paid in whole or in part as specified in California Code of Civil Procedure Section 667.7.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

This answering defendant is immune from liability under the federal doctrine of qualified good faith immunity as set forth in *Malley v. Briggs,* 475 U.S. 335 (1986), *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), *Anderson v. Creighton*, 107 S.Ct. 3034 (1987) and other applicable statutory and judicial authorities.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to sufficiently allege a cause of action on any federal claim for relief. Plaintiff has been denied no federally protected civil right without due process of law, since due process exists in the form of adequate remedies at law.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim for any constitutional violation under 42 U.S.C. Section 1983 against defendant.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant's alleged acts were reasonable under the doctrine set forth in *Graham v. Connor*, 108 S.Ct. 1865 (1989) and all other applicable federal and state judicial authorities.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

No municipal policy, pattern or practice caused any deprivation of plaintiff's federal civil rights, and thus under the doctrine of law announced in *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978),

and other applicable statutory and judicial authorities, plaintiff is not entitled to judgment against any potential public entity defendant.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The facts alleged in plaintiff's complaint constitute an isolated act of alleged unlawful behavior which does not constitute an unconstitutional municipal policy, pattern or practice under the doctrine of law announced in *City of Oklahoma City v. Tuttle*, 471 U.S. 808 (1985) and other applicable statutory and judicial authorities.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant is immune from liability pursuant to all remaining applicable provisions of the California Tort Claims Act and other relevant state and federal statutes and/or regulations.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendant is immune from liability for injury to or by any prisoner within his custody pursuant to the provisions of California Government Code Section 844.6.

### THIRTIETH AFFIRMATIVE DEFENSE

Defendant is immune from liability pursuant to Government Code Section 845.6 for the failure to obtain or furnish medical care for any prisoner within his custody.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Defendant is immune from liability pursuant to all remaining applicable provisions of the California Tort Claims Act and other relevant state and federal statutes and/or regulations.

///
///
///
///
///
///
///
///
///

WHEREFORE defendant DEPUTY CHRISTOPHER HAAS prays that:

1. Plaintiff take nothing by reason of his complaint;
2. Defendant be awarded his costs of suit incurred herein and his attorneys' fees pursuant to 42 U.S.C. Section 1988 and all other applicable federal and state statutes and judicial authorities; and,
3. Defendant be granted such further relief as the Court deems proper.

Dated:  August 11, 2014                                  BERTRAND, FOX & ELLIOT

                                                       By:  /s/ *Richard W. Osman*
                                                                  Thomas F. Bertrand
                                                                  Richard W. Osman
                                                                  Attorneys for Defendant
                                                                  DEPUTY CHRISTOPHER HAAS